# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 1, 2008

135025

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

ALPHONZO LEON WRIGHT,
      Defendant-Appellee.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 135025
COA: 256475
Genesee CC: 03-012650-FH

_____/

On order of the Court, the application for leave to appeal the September 11, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CORRIGAN, J., dissents and states as follows:

I dissent from the order denying leave to appeal. I would grant leave to appeal to consider whether the circumstantial evidence was sufficient to support defendant's conviction of keeping or maintaining a drug vehicle, MCL 333.7405(1)(d), under *People v Thompson*, 477 Mich 146 (2007).

In *Thompson, supra* at 148, 155, this Court held that MCL 333.7405(1)(d) precludes a conviction of keeping or maintaining a drug vehicle for an isolated incident without other evidence of continuity. "The phrase 'keep or maintain' implies usage with some degree of continuity that can be deduced by actual observation of repeated acts or circumstantial evidence, such as perhaps a secret compartment or the like, that conduces to the same conclusion." *Thompson, supra* at 155.

Here, defendant was arrested after driving a vehicle in which there was a brick of 125 grams of uncut cocaine worth $25,000. An expert in drug distribution testified at defendant's trial that 125 grams of uncut cocaine is enough to divide into 1,200 individual units. Defendant also had a digital scale in the vehicle but no paraphernalia for personal drug use. He had his cell phone plugged into the car for battery recharging and received three phone calls asking for "Al" after his arrest, while he was being transported

to the police station. This circumstantial evidence, when viewed in a light most favorable to the prosecution, appears to show an ongoing drug sales enterprise being conducted in defendant's car. Thus, under *Thompson*, there appears to be sufficient evidence of continuity to establish that defendant kept or maintained a vehicle for the purpose of making drug sales and deliveries in violation of MCL 333.7405(1)(d).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 1, 2008

_____
Clerk

s0129